# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Andrew Erik Heidersheid, | Case No. 18-cv-1733 (NEB/SER) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Deputy Cartier Russell, *in his individual capacity*, | |
| Defendant. | |

STEVEN E. RAU, United States Magistrate Judge

This matter comes before the Court on Defendant Cartier Russell's Motion to Dismiss. (ECF No. 35). This matter was referred to the Court pursuant to 28 U.S.C. § 636(b) and District of Minnesota Local Rule 72.1. (ECF No. 34). For the reasons stated below, the Court recommends granting Defendant's motion.

## I.     BACKGROUND

### A.     The Complaint

Plaintiff filed his Complaint on June 25, 2018. (Compl., ECF No. 1). Plaintiff alleges he was sexually harassed when a Dakota County Jail employee played music with homophobic lyrics. (*See* Compl., at 7; *see also* Compl., Ex. 1 at 1). Plaintiff claims the sergeants and lieutenants he complained to about this employee's conduct took no action to investigate Plaintiff's complaint or discipline the employee involved. (*See* Compl., at 7).

Plaintiff states that on November 20, 2017, Defendant Cartier Russell, an officer at the Dakota County Jail, played "music at a high volume with lyrics like 'suck a dick faggot

suck a dick.'" (Compl., at 7). "During that time an inmate told Officer Russell that he was gay and offended by his music and Officer Russell told the inmate to 'get the fuck away from him with that shit.'" (Compl., at 7). Plaintiff claims he filed a "P.R.E.A. [Prison Rape Elimination Act] complaint and a grievance on the kiosk about Officer Russell's conduct" on the same day. (Compl., at 7). Plaintiff alleges that later that day, "Officer Russell yelled at me from across the room from the top tier that I can't use the phone by the Officers desk because of the P.R.E.A. kite I sent on him." (Compl., at 7). Plaintiff claims he "met with Sergeant Peterson and she told me that she couldn't do anything about the P.R.E.A. kite because it goes to someone in administration." (Compl., at 7). Plaintiff states he "was on the phone making an attorney call when Officer Russell turned off my phone . . . and he said [it was] because I was too close to the Officers['] Desk." (Compl., at 7). Plaintiff asserts he met with Fulks and Verby, lieutenants at the Dakota County Jail, "and told them about Deputy Russell's [s]exual harassment" but that "[t]hey chose to do nothing to investigate my claims or discipline Deputy Russell, Sergeant Peterson, or Corporal Byrd." (Compl., at 7).

Plaintiff brought suit against Deputy Cartier Russell, Sergeant Peterson, Corporal Byrd, Lieutenant Fulks, Lieutenant Verby, and the Dakota County Sheriff's Office. (Compl., at 1). Plaintiff's submission to the Court was labeled "Complaint for Violation of Civil Rights under 42 U.S.C. § 1983" and Plaintiff later stated his complaint is related to a grievance under the Prison Rape Elimination Act ("PREA"). (Compl., at 1, 3). Plaintiff

sued all Defendants in their official and personal capacity for one million dollars. (Compl., at 5). [1] Only Plaintiff's claim against Defendant Russell in his individual capacity remains.

### B. Pretrial Schedule and Motion Practice

Defendant Russell answered the Complaint on September 24, 2018. (ECF No. 14). The Court issued a pretrial scheduling order on October 9, 2018. (ECF No. 17). The Court ordered discovery to be completed by April 1, 2019. (ECF No. 17, at 1). The Court also noted: "If any party fails to respond to a motion, the failure to respond will be treated as a default and the relief requested in the motion may be granted." (ECF No. 17, at 2).

Defendant Russell brought a motion to compel after Plaintiff failed to respond to discovery. Plaintiff was served with interrogatories and document requests on November 16, 2018. (Amend. Timmerman Aff. ¶ 2, ECF No. 29). When Plaintiff failed to respond, Defendant Russell wrote a letter to Plaintiff on January 22, 2019, stating that Plaintiff's failure to respond to the requested discovery by February 1, 2019 would result in the Court's involvement. (Amend. Timmerman Aff. ¶ 6). After this deadline passed without any communication from Plaintiff, Defendant Russell filed a motion to compel. (ECF No. 20).

---

[1] On August 17, 2018, this Court recommended dismissing Defendants Dakota County Sheriff's Department, Peterson, Byrd, Fulks and Verby. The R&R explained Plaintiff could not bring his claims under the PREA, that his grievances do not give rise to a constitutional claim under § 1983, and that sheriffs' departments were not legal entities amenable to suit. (ECF No. 5, at 4–5). The Court recommended that Plaintiff had only one surviving claim: "the claim that defendant Russell retaliated against him for engaging in activity protected under the First Amendment (filing a PREA grievance)." (ECF No. 5, at 5). The District Court adopted the Court's R&R in full; Defendants Peterson, Byrd, Fulks, Verby, and the Dakota County Sheriff's Office were dismissed without prejudice and Defendant Cartier Russell was dismissed without prejudice as to his official capacity. (ECF No. 10).

On March 6, 2019, the Court granted the motion to compel and ordered Plaintiff to respond in full to Defendant Russell's interrogatories and document requests within 30 days. (ECF No. 32). The Court also noted:

> Failure to comply with this Order may result in sanctions, up to and including dismissal of this action with prejudice. Fed. R. Civ. P. 379b)(2)(A). Should Plaintiff Heiderscheid fail to comply with this Order, Defendant Russell may move to dismiss this action as a discovery sanction, for failure to comply with court orders, and for failure to prosecute.

(ECF No. 32).

Defendant Russell brings this motion to dismiss, as a discovery sanction, because of Plaintiff's failure to respond to the requested discovery. (Timmerman Aff. ¶ 5).

## II.   LEGAL STANDARD

Rule 37 of the Federal Rules of Civil Procedure provides courts with broad discretion to impose sanctions for failing to comply with a court's discovery order. Fed. R. Civ. P. 37(b)(2). Rule 37(b) requires that any sanction imposed be "just and that it be specifically related to the claim at issue in the discovery order." *Gleghorn v. Melton*, 195 F. App'x 535 (8th Cir. 2006) (per curiam). In any event, "the 'choice of sanction should be guided by the concept of proportionality.'" *Moore v. Napolitano*, 723 F. Supp. 2d 167, 179 (D.D.C. 2010) (quoting *Bonds v. Dist. of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1996)). In imposing any sanction "[t]he court must balance the goals of enforcing the process of discovery and ensuring adherence to policy aims of discovery with the right of a party to have its case heard on the merits." *Card Tech. Corp. v. DataCard Inc.*, 249 F.R.D. 567, 571 (D. Minn. 2008).

4

Rule 37(b) includes a non-exclusive list of sanctions courts may impose when a party fails to obey an order requiring it to provide discovery. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Among the options listed is "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Because dismissal is "an extreme result," such a sanction is permissible only in narrow circumstances. *Schubert v. Pfizer, Inc.*, 459 Fed. Appx. 568, 572 (8th Cir. 2012). Dismissal can only be considered if there is: "(1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." *Keefer v. Provident Life and Acc. Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000). Additionally, before dismissing a case under Rule 37(b)(2), the Court must investigate "whether a sanction less extreme than dismissal would suffice, unless the party's failure was deliberate or in bad faith." *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992); *see also Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014) (indicating district courts must consider lesser sanctions if there is no finding of bad faith in the record).

### III. DISCUSSION

Based on the present records, the Court finds that Plaintiff has willfully violated its March 6, 2019 Order compelling him to respond to Defendant Russell's discovery requests. The Court concludes that Defendant Russell has been prejudiced by Plaintiff's willful violation and that no lesser sanction than dismissal will alleviate this prejudice. The Court thus recommends that Defendant Russell's Motion to Dismiss be granted.

#### A. Order Compelling Discovery

On March 6, 2019, the Court entered an order compelling Plaintiff to respond to Defendant Russell's written discovery requests. (ECF No. 32). The Court issued its March

5

6, 2019 Order after finding that Plaintiff had failed to respond to Defendant Russell's written discovery requests, which were served on Plaintiff on November 16, 2018. The Court finds that the first prerequisite for the imposition of a dismissal sanction—an order compelling discovery—is satisfied. *See Keefer*, 238 F.3d at 940 (requiring "an order compelling discovery" prior to entry of dismissal as a sanction).

### B.   Willful Violation of Order Compelling Discovery

The record before the Court also supports a finding that Plaintiff willfully violated the Court's March 6, 2019 Order compelling him to respond to Defendant Russell's written discovery requests. The present record shows that Plaintiff has ignored his obligation to respond to discovery. Specifically, as of the date of this Report and Recommendation, Plaintiff has still failed to respond, object, or notify the Court of any difficulties responding to Defendant Russell's written discovery requests. Plaintiff is undoubtedly capable of communicating with the Court because he has filed two notices of a change of address with the Court. (ECF Nos. 18, 43). This leads the Court to conclude that Plaintiff simply refuses to communicate in any manner with Defendant Russell or the Court about his discovery obligations.[2] The Court therefore finds that Plaintiff's lack of response or communication regarding Defendant Russell's unanswered discovery requests shows a willful violation of the Court's March 6, 2019 Order.

---

[2] Plaintiff cannot argue he did not receive notice of the discovery requests or of the motion practice. The Court reminds Plaintiff it his responsibility to monitor the docket and the proceedings of the litigation he initiated.

In finding that Plaintiff acted willfully, the Court has looked to other decisions. Some cases involve more egregious conduct, such as evidence that a party destroyed discoverable information. *See Keefer*, 238 F.3d at 941 (affirming dismissal where the plaintiff admitted obliterating golf tee times from the calendar and failed make a good-faith effort to reconstruct entries as required by court order); *see also Schubert v. Pfizer, Inc.*, 459 Fed. Appx. 568, 572–73 (8th Cir. 2012) (affirming dismissal sanction where plaintiff repeatedly failed to comply with discovery orders and destroyed evidence). But, the Eighth Circuit has affirmed findings of willfulness where pro se plaintiffs have disobeyed a single order compelling production of discovery. *See Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983); *see also Beck v. Fabian*, 250 Fed. Appx. 754 (8th Cir. 2007) (per curiam) ("The uncontroverted facts show that Beck willfully refused to comply with a court order to compel discovery . . . In addition, Beck's disparaging remarks about defendants' counsel and the magistrate judge tended to demonstrate willful misconduct and bad faith."). In light of this precedent, and Plaintiff's deliberate non-compliance with the discovery order, the Court finds Plaintiff's violation willful.

### C. Prejudice and Sanction

"In the context of Rule 37(b)(2) motions 'prejudice' exists if the failure to make discovery impairs the opponent's ability to determine the factual merits of the party's claim." *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 559 (8th Cir. 1992).

There is no question that Plaintiff's failure to comply with the March 6, 2019 Order has impaired Defendant Russell's ability to determine the factual merits of Plaintiff's claim. Defendant Russell sought routine discovery so he could investigate his anticipated

7

defenses and probe the factual underpinning of Plaintiff's allegations. Without such information (or a statement from Plaintiff that no such information exists), it is difficult to see how Defendant Russell can prepare for any trial on this matter. Defendant Russell is entitled to receive information from Plaintiff that is relevant to Plaintiff's claims and Defendant Russell's defenses and that is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The discovery period and dispositive motion period have passed, and Plaintiff has remained silent and non-participatory through the entire process. The Court sees no reason to extend either period on Plaintiff's behalf.

In determining whether dismissal is an appropriate sanction, the Court must also "be guided by the concept of proportionality." *Moore*, 723 F. Supp. 2d at 179. The most logical lesser sanction, fitting the violation of the March 6, 2019 Order, is to preclude Plaintiff from supporting claims or from introducing matters into evidence contemplated by Defendant Russell's written discovery. *See* Fed. R. Civ. P. 37(b)(2)(ii). That sanction would function the same as an order of dismissal because it would prohibit Plaintiff from supporting his claims at summary judgment or at trial. Further, the Court finds that it would likely be futile to hold Plaintiff in contempt or to require him to pay attorneys' fees and costs as he is currently proceeding in forma pauperis. (*See* ECF No. 4); Fed. R. Civ. P. 37(b)(2)(A)(vii), 37(b)(2)(C). The other lesser sanctions contemplated under Rule 37(b) do not readily fit the circumstances here.

In certain instances where a party has failed to comply with discovery obligations but has responded in some meaningful way to the discovery requests, courts have given the non-complying party an additional opportunity to comply before imposing sanctions.

*See, e.g.*, *Haggins v. Ramsey Cty*, No. 15-cv-59 (DWF/KMM), 2017 WL 4047663, at *3–6 (D. Minn. Aug. 22, 2017), *report and recommendation adopted*, No. 15-cv-59 (DWF/KMM), 2017 WL 4022402 (D. Minn. Sept. 12, 2017) (recommending a short extension of the discovery deadline after the non-complying party responded to the discovery requests by stating they were overbroad). But here those circumstances are absent. Plaintiff's only communication to the Court, following the filing of his Complaint, has been two instances of a notice of change of address. Plaintiff has not responded in any way to Defendant Russell's request for discovery, Defendant Russell's motion to compel, the Court's Order compelling discovery, or the present motion to dismiss. The Court has also warned Plaintiff what the potential consequences are for failing to participate in this litigation. In the Court's March 6, 2019 Order, the Court stated that a failure to comply with the Court's order compelling discovery could result in sanctions, including the dismissal of the action with prejudice. (ECF No. 32). Defendant Russell is bringing a motion to dismiss for failure to comply with discovery obligations because Plaintiff has continued to ignore his discovery obligations. Plaintiff also chose not to respond to Defendant Russell's motion and the Court warned the parties in its scheduling order that "[i]f any party fails to respond to a motion, the failure to respond will be treated as a default and the relief requested in the motion may be granted." (ECF No. 17, at 2). In short, Plaintiff's continued failure to respond, to Defendant Russell or the Court, deprived the Court of its ability to evaluate whether he deserves any sanction other than dismissal.

The record supports a finding of prejudice and, in light of other lesser sanctions being futile or unsuitable to remedy the prejudice faced by Defendant Russell, the Court

9

finds dismissal to be the appropriate course of action. Plaintiff willfully violated the Court's March 6, 2019 Order, failed to communicate in any manner regarding Defendant Russell's discovery requests, and has not involved himself in the litigation after the initial filing of his Complaint. Meanwhile, Defendant Russell has no means of obtaining additional discovery to adequately prepare for trial. In light of these circumstances, the Court finds dismissal an appropriate sanction.

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Cartier Russell's Motion to Dismiss, (ECF No. 35), be **GRANTED** and this matter be **DISMISSED WITHOUT PREJUDICE.**

Dated: October 15, 2019

*s/ Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgement of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).